**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.    Case No:   6:20-cv-360-PGB-LHP

ANNA BEVILACQUA SPANGLER
and RICHARD DALE SPANGLER,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ATTORNEY FEES (Doc. No. 62)
>
> **FILED:** June 29, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) initiated this action against Defendants Anna Bevilacqua Spangler and Richard Dale Spangler (collectively, Defendants), on February 28, 2020, requesting two

counts of declaratory relief regarding an insurance contract. Doc. No. 1. On May 20, 2021, the Court granted summary judgment in favor of State Farm and against Defendants. Doc. No. 42. The Clerk entered judgment the following day. Doc. No. 43. Defendants appealed, and on April 3, 2023, the Eleventh Circuit Court of Appeals reversed the Court's grant of summary judgment and remanded the case for further proceedings. Doc. No. 53. The mandate issued on May 30, 2023. Doc. No. 54. In accordance with that mandate, the Court entered judgment on June 15, 2023 in favor of Defendants and against State Farm. Doc. No. 61; *see also* Doc. No. 60.

In the meantime, on June 1, 2023, Defendants filed an Application for Attorney's Fees with the Eleventh Circuit seeking $56,400.00 for fees accrued during this case's litigation both before the Eleventh Circuit and this Court. Doc. No. 62-1. Defendants represent that State Farm did not file any objections to the Fee Application. Doc. No. 62, at 2. The Fee Application has not yet been ruled on.

In addition, on June 29, 2023, Defendants filed in this Court a document entitled "Notice of Filing Previously Filed Motion for Attorney's Fees/Motion for Attorney's Fees." Doc. No. 62. While somewhat unclear, it appears that what Defendants have attempted to do is file in this Court an identical copy of their Fee Application that they filed before the Eleventh Circuit, out of an abundance of caution and in an effort to avoid running afoul of the fourteen-day time limit set

forth in Local Rule 7.01(b).  *See Id.*, at 3.  Defendants represent in their Notice that they request fees "only to the extent of the work performed before the District Court . . . and only to the extent the Eleventh Circuit Court of Appeals lacks jurisdiction or refuses to address Spangler's Application for District Court attorney's fees."  *Id.*  Defendants further represent that they will notify the Court "once a ruling is received from the Eleventh Circuit Court of Appeals and advise whether the District Court attorney's fees have been addressed by the Eleventh Circuit Court of Appeals."  *Id.*  To date, Defendants have not provided any such notification.

The Local Rule 3.01(g) certification attached to the Notice stated that State Farm had not yet provided its position on the requested relief.  Doc. No. 62, at 4.  However, on July 5, 2023, Defendants filed an amended Local Rule 3.01(g) certification, stating that "State Farm does not contest Defendants' entitlement to attorney's fees.  State Farm does however object to the hourly rate sought, the number of hours sought and the multiplier sought."  Doc. No. 63, at 2.  The certification does not make clear, however, whether State Farm's position applies to the requested fees accrued in this Court, before the Court of Appeals, or both.  Moreover, on July 11, 2023, the Eleventh Circuit *sua sponte* transferred Defendants' Application for Attorney's Fees back to the Court "in the first instance" to determine Defendants' "entitlement to appellate attorney's fees and the reasonable fee amount, if any, to be awarded."  Doc. No. 64, at 2.

In sum, it now appears that the questions of both entitlement to and quantification of attorney's fees accrued in the District Court and in the Court of Appeals are before this Court. However, as discussed above, it remains somewhat unclear the scope of State Farm's objections to Defendants' requested fees, and the Fee Application Defendants submitted to this Court does not comply with the bifurcated process set forth in Local Rule 7.01. Accordingly, to the extent Defendants' June 29, 2023 Notice is construed as a motion for entitlement to attorney's fees, the Notice (Doc. No. 62) is **DENIED without prejudice**. On or before **September 29, 2023**, Defendants shall file a renewed motion for entitlement to attorney's fees accrued both in this Court and before the Court of Appeals that complies with all applicable Local Rules, including, but not limited, to Local Rules 3.01(a), 3.01(g), and 7.01(b).

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties